**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

Robert Plaster, #846864
a/k/a Shaylarena Plaster

Plaintiff,

Case No: 1:23-cv-00591
District Judge: Paul L. Maloney
Magistrate Judge: Sally J. Berens

v.

Washington, et al.

Defendants.

---

ROBERT PLASTER, #846864
*In Pro Per*
G. Robert Correctional Facility
3510 N. Elm Road
Jackson, MI 49201

CHAPMAN LAW GROUP
Nicholas B. Pillow (P83927)
*Attorney for Wellpath, LLC, Gina Couturier, P.A., Melanie Bale, N.P. and Jennifer Dalton, N.P.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

---

**DEFENDANTS WELLPATH, LLC, GINA COUTURIER, P.A., JENNIFER DALTON, N.P., AND MELANIE BALE, N.P.S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6), AND ALTERNATIVELY FOR SUMMARY JUDGMENT BASED ON THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

NOW COME Defendants WELLPATH, LLC, GINA COUTURIER, P.A., JENNIFER DALTON, N.P., and MELANIE BALE, N.P. by and through their counsel, CHAPMAN LAW GROUP, and for their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (B)(6) and alternative Motion for Summary Judgment based on the failure of Plaintiff to exhaust his administrative remedies pursuant to Fed. R. Civ. P. 56(a), states as follows:

1. On June 8, 2023, Plaintiff Robert Plaster[1] (a/k/a Shaylarena Plaster) filed her Complaint in this matter while incarcerated at G. Robert Correctional Facility. (**PageID.13**).

---

[1] As Plaintiff identifies as a female, the undersigned will use she/her pronouns.

2. Plaintiff alleges violations of the First, Eighth, Fourteenth Amendment. Plaintiff also alleges violations of the Americans with Disability Act. (***Id***).

3. Specifically, Plaintiff alleges Defendants failed to provide proper treatment for her gender dysphoria. (***Id.***).

4. It is well established under the holdings of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting T*wombly*, 550 U.S. at 570 (2007)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id*. at 679.

5. For the reasons more fully discussed in the accompanying brief, Defendants seek dismissal of Plaintiff's claims against them under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

6. In the alternative, Plaintiff failed to exhaust his administrative remedies related to her claims against Defendants as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), prior to filing his lawsuit. Therefore, summary judgment is appropriate.

7. In an effort to seek concurrence, Defendants' counsel contacted Plaintiff via Correspondence on September 8, 2023. Upon information and belief, Plaintiff opposes this motion.

WHEREFORE, Defendants WELLPATH, LLC, GINA COUTURIER, P.A., JENNIFER DALTON, N.P., and MELANIE BALE, N.P. respectfully requests this Honorable Court grant their Motion for Summary Judgment, dismiss Plaintiff's Complaint against them in its entirety, and grant such other relief as this court deems just and equitable.

                                                Respectfully submitted,
                                                CHAPMAN LAW GROUP

Dated: September 18, 2023        */s/ Nicholas Pillow*
                                                Nicholas B. Pillow (P83927)
                                                Attorney for the Wellpath Defendants
                                                1441 W. Long Lake Rd., Suite 310
                                                Troy, MI 48098
                                                (248) 644-6326
                                                npillow@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

Robert Plaster, #846864
a/k/a Shaylarena Plaster

Plaintiff,

Case No: 1:23-cv-00591
District Judge: Paul L. Maloney
Magistrate Judge: Sally J. Berens

v.

Washington, et al.

Defendants.

---

ROBERT PLASTER, #846864
*In Pro Per*
G. Robert Correctional Facility
3510 N. Elm Road
Jackson, MI 49201

CHAPMAN LAW GROUP
Nicholas B. Pillow (P83927)
*Attorney for Wellpath, LLC, Gina Couturier, P.A., and Jennifer Dalton, N.P.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

---

**BRIEF IN SUPPORT OF DEFENDANTS WELLPATH, LLC, GINA COUTURIER, P.A., JENNIFER DALTON, N.P., AND MELANIE BALE, N.P.S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6), AND ALTERNATIVELY FOR SUMMARY JUDGMENT BASED ON THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

**PROOF OF SERVICE**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .......... iii
INDEX OF EXHIBITS .......... iv
STATEMENT OF ISSUES PRESENTED .......... v
CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT .......... vi
I. FACTUAL AND PROCEDURAL BACKGROUND .......... 8
II. LEGAL STANDARD .......... 8
A. Motion to Dismiss for Failure to State a Claim .......... 8
B. Motion for Summary Judgment For Failure to Exhaust Administrative Remedies .......... 9
III. LEGAL ARGUMENT .......... 10
A. Plaintiff's Complaint Does Not Put Forth Any Factual Allegations Related to How Defendants Gina Couturier, P.A., Jennifer Dalton, N.P., and Melanie Bale, N.P. was Allegedly Deliberately Indifferent to His Serious Medical Needs .......... 10
B. Plaintiff Fails to Assert a Viable Claim of Deliberate Indifference Against Wellpath .......... 11
C. Plaintiff's Claim Under the Americans with Disabilities Act Fails as a Matter of Law. .......... 12
D. Plaintiff Failed to File Any Grievance Against Defendants and has Failed to Exhaust His Administrative Remedies with Respect to His Claims Against Defendants .......... 13
*1. RGC-22-04-0803-27a* .......... 14
IV. CONCLUSION .......... 15

# INDEX OF AUTHORITIES

**Cases**

*Abbruzzino v. Hutchinson*, 08-CV-11534, 2009 U.S. Dist. LEXIS 23287, 2009 WL 799245 (E.D. Mich. Mar. 24, 2009) ........ 15

*Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928 (6th Cir. 1987) ........ 11

*Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015) ........ 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 9, 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 9, 11, 12

*Booth v. Churner*, 532 U.S. 731 (2001) ........ 10

*Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622 (6th Cir. 2011) ........ 12

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985) ........ 13

*Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) ........ 11, 12

*Ford v. Martin*, 49 Fed. Appx. 584, 585 (2002) ........ 16

*Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir.2001) ........ 12

*Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) ........ 13

*Jones v. Bock*, 549 U.S. 199 (2007) ........ 10, 15

*Kensu v. Rapelje*, No. 12-11877, 2013 U.S. Dist. LEXIS 55489 (E.D. Mich. Apr. 18, 2013)..... 16

*McDuff v. Willard*, No. 1:22-cv-20, 2023 U.S. Dist. LEXIS 42790 (W.D. Mich. Mar. 14, 2023)...16

*Rizzo v. Goode*, 423 U.S. 362 (1976) ........ 11, 12

*Scott v. Harris*, 550 U.S. 372 (2007) ........ 10

*Thomas v. Coble*, 55 F. App'x 784 (2003) ........ 12, 13

*Walls v. O'Connor*, 12-11874, 2013 U.S. Dist. LEXIS 19939, 2013 WL 572449 (E.D. Mich. Jan. 22, 2013) ........ 16

*Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ........ 9. 15

**Statutes**

42 U.S.C. § 1983 ........ 10, 12

42 U.S.C. § 1997e(a) ........ 9

42 U.S.C. § 12131 ........ 13

**Rules**

Fed. R. Civ. P. 8 ........ 8, 10

Fed. R. Civ. P. 12(b)(6) ........ 8, 11, 12

## INDEX OF EXHIBITS

| | |
|---|---|
| **EXHIBIT A** | Plaintiff's MDOC Grievance Records |
| **EXHIBIT B** | MDOC Policy Directive 03.02.130 |

# STATEMENT OF ISSUES PRESENTED

WHETHER PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AS TO HIS DELIBERATE INDIFFERENCE CLAIMS AGAINST DEFENDANTS.

Defendants Answer: YES.
Plaintiff Answers: NO.

WHETHER DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BASED UPON PLAINTIFF'S FAILURE TO PROPERLY EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES AS TO HIS CLAIMS AGAINST THEM.

Defendants Answer: YES.
Plaintiff Answers: NO.

WHETHER PLAINTIFF FAILED TO STATE A CLAIM AGAINST DEFENDANTS UNDER THE AMERICANS WITH DISABILITIES ACT.

Defendants Answer: YES.
Plaintiff Answers: NO.

**CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." When a complaint fails to comply with the requirements as set forth in Rule 8, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or strike such parts as are redundant or immaterial. *See Gora v. Gelabert*, 2009 U.S. Dist. LEXIS 91506*, *14 (W.D. Mich. 2009) *citing Simmons v. Abruzzo*, 49, F.3d 83, 86 (Second Cir. 1995). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

To avoid dismissal of his deliberate indifference claims, Plaintiff must allege that he had a "sufficiently serious" medical need, and must also show that for each allegation, a particular Defendant was subjectively aware of that serious medical need and consciously disregarded it. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999); *Phillips v. Roane Cnty.*, 534 F.3d 531, 540 (6th Cir. 2008). "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted).

Parties may move for summary judgment under Fed. R. Civ. P. 56(a) with or without supporting affidavits.

Before an inmate may bring a claim concerning prison conditions under 42 U.S.C. § 1983, he is required to exhaust available administrative remedies in accordance with the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a). *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Proper exhaustion demands completion of the prison's administrative review process, including all levels thereof, in accordance with the deadlines and other critical procedural rules. *Id*. at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Bringing unexhausted claims in Federal Court is not permitted. *Id*.at 84-85.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2023, Plaintiff Robert Plaster (a/k/a Shaylarena Plaster) filed her Complaint in this matter while incarcerated at G. Robert Correctional Facility. (**PageID.13**). Plaintiff alleges violations of the First[2], Eighth, Fourteenth Amendment. Plaintiff also alleges violations of the Americans with Disability Act. (***Id***). Specifically, Plaintiff alleges Defendants failed to provide proper treatment for her gender dysphoria. (***Id.***).

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Instead, factual enhancement is required to "nudge[] the[] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[A] complaint plead[ing] facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. While Plaintiff is not required to make "detailed factual allegations[]" to survive a Fed. R. Civ. P. 12(b)(6) motion, the pleading requirements imposed by Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant unlawfully harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[2] Plaintiff does not allege a First Amendment Retaliation Claim against the Wellpath Defendants

**B. Motion for Summary Judgment For Failure to Exhaust Administrative Remedies**

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. A party opposing a motion for summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding conditions of confinement under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. The United States Supreme Court acknowledged this requirement in *Booth v. Churner*, and went on to hold in that case that prisoners must exhaust the administrative remedies available to them even if those remedies include a grievance procedure that does not offer relief in the form specifically sought by the prisoner. 532 U.S. 731, 734 (2001). To comply with the exhaustion requirement of 42 U.S.C. § 1997e(a), an inmate must "properly exhaust," which means that the inmate must comply with the specific requirements of the policies and procedures of the individual prison's grievance policy. *Woodford v Ngo,* 126 S. Ct. 2378, 2386; 165 L. Ed. 2d 368 (2006). The Court has further explained that inmates seeking to sue must comply with the individual grievance procedures, and that the nature of the grievances will necessarily vary based upon the individual system's policies: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act ("PLRA"), that define the boundaries of proper exhaustion."[1] *Jones v. Bock*, 127 S. Ct. 910, 923; 166 L. Ed. 2d 798 (2007). Under *Jones v. Bock*,

[1] MDOC has since revised its policy. The policy that was in effect during the time relevant to Plaintiff's claims is different from the one that was at issue in *Jones v. Bock*, 127 S. Ct. 910, 916; 166 L. Ed. 2d 798 (2007). The relevant version of the policy is attached as **Exhibit B**.

127 S. Ct. 910; 166 L. Ed. 2d 798 (2007), the burden now rests on the Defendant to show whether the Plaintiff exhausted his administrative remedies.

## III. LEGAL ARGUMENT

### A. Plaintiff's Complaint Does Not Put Forth Any Factual Allegations Related to How Defendants Gina Couturier, P.A., Jennifer Dalton, N.P., and Melanie Bale, N.P. was Allegedly Deliberately Indifferent to His Serious Medical Needs.

While a pro se complaint is read indulgently, it must allege sufficient facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, it is well-established that conclusory, unsupported allegations of constitutional deprivation do not state a claim upon which relief can be granted. *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987). To plead a *prima facie* case of deliberate indifference, Plaintiff is required to make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Instead, factual enhancement is required to "nudge[] the[] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[A] complaint plead[ing] facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

In the instant matter, Plaintiff's Complaint fails to plead facts to nudge Plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. At most, the Complaint states in conclusory fashion that Defendants are liable for deliberate indifference. The statements made against PA Couturier state (1) Than in 08-02-22 GDCRC Doctor Ms. Couturier did not know that I had a blood clot at all; (2) Than even on 5-23-2023 with Doctor Ms. Couturier my levels are still off after 4.5 years later. (**PageID.5**). Here, Plaintiff does not allege that PA Couturier acted deliberately and recklessly in treating Plaintiff for medical concerns. Further, Plaintiff's Complaint is entirely devoid of even a single factual allegation pertaining to Defendants NP Bale and NP Dalton. The Complaint merely identifies them as a defendant, while failing to allege facts necessary to nudge the claim into the realm of plausibility. Rather, Plaintiff seeks to lump all of the defendants together and alleged that "defendants" violated their rights. That is insufficient to state a claim against the individual Wellpath Defendants. *Rizzo*, 423 U.S. at 375–76 (1976); *Copeland*, 57 F.3d at 481 (6th Cir. 1995). As such, the Court must dismiss Plaintiff's Complaint as it relates to Defendants Couturier, Bale, and Dalton for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**B. <u>Plaintiff Fails to Assert a Viable Claim of Deliberate Indifference Against Wellpath, LLC.</u>**

The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas v. Coble*, 55 F. App'x 784, 748–49 (2003); *Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996); *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir.2001). Wellpath, LLC "cannot be held liable under a theory of *respondeat superior*." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a 42 U.S.C. § 1983

claim against Wellpath, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id*.

Plaintiff's Complaint does not allege a viable claim against Wellpath. "To satisfy the *Monell* requirements a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994). *See also*, *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (liability only when policy caused the plaintiff's injury and a direct causal link existed between the policy and the purported denial of the right to adequate medical care). It is insufficient for Plaintiff to make allegations that Wellpath has or had some non-specific unconstitutional policy, practice, and custom. Plaintiff is required to separately identify the existence of an unconstitutional policy, as well as the origin of that policy. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). Plaintiff must further connect the allegedly unconstitutional policy to Wellpath and demonstrate a pattern. *Connick v. Thompson*, 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005) (emphasis added).

Here, Plaintiff's Complaint fails to allege any policy, practice or custom of Wellpath which was the driving force for his injury. Plaintiff does not allege any factual allegations against Wellpath. Given Plaintiff's factually threadbare allegations, Plaintiff's Eighth Amendment Claims against Wellpath should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**C. Plaintiff's Claim Under the Americans with Disabilities Act Fails as a Matter of Law.**

To state a claim under Title II of the ADA, Plaintiff must establish: (1) she is a qualified person with a disability; (2) defendants are subject to the ADA; and (3) she was denied the

opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of her disability. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). Title II of the ADA applies to state prisons and inmates. *See Mingus v. Butler*, 591 F.3d 474, 482 (6th Cir. 2010).

The Americans with Disabilities Act (ADA) prohibits discrimination against disabled individuals by a "public entity," which is defined as "any State or local government or any department, agency, special purpose district, or instrumentality of a State or States or local government." 42 U.S.C. §§ 12132 and 12131(1)(A-B). Neither a private prison health care company nor an individual medical provider is a "public entity," as defined under the ADA. *Cox v. Jackson*, 579 F. Supp. 2d 831, 851-853 (E.D. Mich. 2008). Accordingly, Plaintiff's ADA claim against the Wellpath Defendants fails.

### D. Plaintiff Failed to File Any Grievance Against Defendants and has Failed to Exhaust His Administrative Remedies with Respect to His Claims Against Defendants

The Complaint essentially alleges Plaintiff has not received proper care for her gender dysphoria. Before filing her Complaint, Plaintiff filed the following grievances[3] through each step of MDOC's three-step grievance procedure:

| Grievance Identifier | Wellpath Defendant Named | Issue Grieved | Resolution | Exhibit B Pincite |
|---|---|---|---|---|
| URF-20-06-1574-28E | None | Terminated due to gender dysphoria | **Rejected at Steps I, II, and III** | 55-59 |
| URF-20-06-1573-2E | None | States other prisoners are being hired ahead of him in maintenance | Denied at Steps I, II, and III | 48-52 |
| URF-20-08-2332-12D3 | None | Denied proper treatment for stomach pain. | Denied at Steps I, II, **Rejected at Step III** | 39-44 |

[3] The relevant grievance is highlighted in yellow.

| URF-20-10-1283-14A | None | Denied legal writer while in segregation | Denied at Steps I, II, and III | 32-35 |
|---|---|---|---|---|
| ECF-21-11-1660-12Z | None | Inappropriately charged a copay | Denied at Steps I, II, **Rejected at Step III** | 26-31 |
| JCF-22-08-1680-28B | None | Not receiving proper transgender care | **Rejected at Steps I, II, and III** | 14-18 |
| JCF-22-08-1659-08A | None | Inappropriately scored as a potential victim on PREA assessment | Denied at Steps I, II, and III | 7-11 |

Plaintiff's certified grievance records, reveal that she failed to grieve her claims against Defendants regarding the issues alleged in his Complaint. (**Exhibit A**).

*1. RGC-22-04-0803-27a*

Plaintiff submitted this Step I grievance on August 16, 2022, alleging from April 11, 2019 through August 2, 2022, her Eighth and Fourteenth Amendment rights have been violated as she did not receive proper transgender care. The Step I Grievance was rejected on August 16, 2022 for being vague and untimely. The rejection was upheld at Step II, and on September 2, 2022, the Step III grievance was rejected. (**Exhibit A, pp. 15-18**).

Here, Defendants were not specifically named in any of the grievances filed by Plaintiff, the Court should not consider Plaintiff's administrative remedies exhausted as to the claims against Defendants.

> Although a failure to name a specific individual in a grievance may not always render exhaustion inadequate, *Jones v. Bock*, 549 U.S. 199, 219, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), especially where the grievance is addressed on the merits and not rejected as unduly vague, *Abbruzzino v. Hutchinson*, 08-CV-11534, 2009 U.S. Dist. LEXIS 23287, 2009 WL 799245 (E.D. Mich. Mar. 24, 2009), **a plaintiff fails to exhaust administrative remedies as to a particular defendant not identified in the grievance if the plaintiff specifically identifies other defendants by name and nothing in the grievance would put the unnamed defendants on**

> **notice**. *Walls v. O'Connor*, 12-11874, 2013 U.S. Dist. LEXIS 19939, 2013 WL 572449 (E.D. Mich. Jan. 22, 2013) report and recommendation adopted, 12-CV-11874, 2013 U.S. Dist. LEXIS 19195, 2013 WL 571752 (E.D. Mich. Feb. 13, 2013) (Emphasis added)

*Kensu v. Rapelje*, No. 12-11877, 2013 U.S. Dist. LEXIS 55489, at *10 (E.D. Mich. Apr. 18, 2013). Since Defendants were not specifically named, the Court should not consider this grievance as exhausted as to the claims against Defendants. There is no information in Grievance 0789 that would put Defendants on notice.

Proper exhaustion requires the Plaintiff to have grieved the specific issues raised in his lawsuit. *See Ford v. Martin*, 49 Fed. Appx. 584, 585 (2002). As the Court noted in *McDuff v. Willard,* No. 1:22-cv-20, 2023 U.S. Dist. LEXIS 42790 (W.D. Mich. Mar. 14, 2023):

> As Plaintiff correctly states, administrative exhaustion is meant to give the party being grieved a "fair opportunity to correct" his or her errors. *See Reed-Bey*, 603 F.3d at 325-26. This requires Plaintiff to have alleged unconstitutional actions against Defendant [] in his grievance before bringing this suit. Plaintiff failed to do so. Because Plaintiff's grievances did not give prison officials a "fair opportunity" to address Plaintiff's claims against Defendant [], Plaintiff's first three objections are denied. (**Exhibit F**).

Here, because Plaintiff failed to name Defendants in any of his grievances leading to this lawsuit, and therefore Defendants did not have proper notice of Plaintiff's grievances. *Woodford v. Ngo* at 2386.

## IV. CONCLUSION

There can be no serious dispute that Plaintiff failed to state an Eighth Amendment claim against Defendants, and also failed to properly exhaust his administrative remedies with respect to his claims prior to filing this lawsuit. Defendants are entitled to dismissal and/or summary judgment as to Plaintiff's claims stated against them.

WHEREFORE, Defendants WELLPATH, LLC, GINA COUTURIER, P.A., JENNIFER DALTON, N.P., and MELANIE BALE, N.P. respectfully requests this Honorable Court grant their Motion for Summary Judgment, dismiss Plaintiff's Complaint against them in its entirety, and grant such other relief as this court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: September 18, 2023

*<u>/s/ Nicholas Pillow</u>*
Nicholas B. Pillow (P83927)
Attorney for the Wellpath Defendants
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

**<u>PROOF OF SERVICE</u>**

I hereby certify that on September 18, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system. I further certify that I have mailed by US Postal Service the document to Plaintiff at her respective address.

*<u>/s/ Nicholas Pillow</u>*
Nicholas B. Pillow (P83927)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com