**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Robert Plaster,

Plaintiff,

v.

Heidi Washington, et al,

Defendants.
_____________________________/

Case No.: 1:23-cv-00591
District Judge: Paul L. Maloney
Magistrate Judge: Sally J. Berens

ROBERT PLASTER, #846864
In Pro Per
G. Robert Cotton
Correctional Facility
3510 N. Elm Road
Jackson, MI 49201

JOSEPH Y. HO (P77390)
Assistant Attorney General
Attorney for MDOC Defs.
Cargor, Cobb, Crowley,
Gilbert, Jones, Kinsor,
Majerczyk, McIntyre-Leon,
Nagy, Napier, Proctor,
Russell, Salazar, Schley,
Schubring, and Washington
Mich. Dept. of Attorney
General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
hoj@michigan.gov

SMITH, MARTIN, POWERS & KNIER, P.C.
BY: JONATHAN C. MARTIN (P37926)
ALAN R. SULLIVAN (P41613)
Attorney for Defendant HOEKZEMA
900 Washington Avenue
P.O. Box 219
Bay City, MI 48707-0219
Telephone: (989) 892-3924
Fax: (989) 892-3926
jmartin@smpklaw.com
asullivan@smpklaw.com

CHAPMAN LAW GROUP
BY: NICHOLAS B. PILLOW (P83927)
Attorney for Defendant Wellpath
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

**MOTION OF DEFENDANT HOEKZEMA TO DISMISS**

NOW COMES Defendant CRAIG HOEKZEMA, M.D., by his attorneys SMITH, MARTIN, POWERS & KNIER, P.C., who pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56 requests the Court enter an order dismissing Plaintiff's claims against this Defendant for the reasons set forth in Defendant's Brief in Support. Pursuant to Local Civil Rule 7.1(d), Defendant sought to ascertain whether the Motion will be opposed or if Plaintiff concurs through correspondence dated September 29, 2023. It is anticipated Plaintiff opposes the Motion as similar Motions by other parties have been opposed by Plaintiff.

WHEREFORE, Defendant CRAIG HOEKZEMA, M.D., respectfully requests this Honorable Court grant his Motion to Dismiss.

Dated: October 6, 2023

SMITH, MARTIN, POWERS & KNIER, P.C.

BY: Jonathan Martin /ARS
JONATHAN C. MARTIN (P37926)
ALAN R. SULLIVAN (P41613)
Attorneys for Defendant HOEKZEMA
900 Washington Avenue
P.O. Box 219
Bay City, MI 48707-0219
(989) 892-3924
Jmartin@smpklaw.com
Asullivan@smpklaw.com

**PROOF OF SERVICE**

I hereby certify that on October 6, 2023, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record and placed in U.S. Postal Service a copy of the above document to non-ECF participant:

Robert Plaster #846864
In Pro Per
G. Robert Cotton Corr. Facility
3500 N. Elm Road
Jackson, MI 49201

SMITH, MARTIN, POWERS & KNIER, P.C.

BY: ______________________________
JONATHAN C. MARTIN (P37926)
ALAN R. SULLIVAN (P41613)
Attorneys for Defendant HOEKZEMA
900 Washington Avenue
P.O. Box 219
Bay City, MI 48707-0219
(989) 892-3924
Jmartin@smpklaw.com
Asullivan@smpklaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Robert Plaster,

Plaintiff,

v.

Heidi Washington, et al,

Defendants.
__________________________________/

Case No.: 1:23-cv-00591
District Judge: Paul L. Maloney
Magistrate Judge: Sally J. Berens

ROBERT PLASTER, #846864
In Pro Per
G. Robert Cotton
Correctional Facility
3510 N. Elm Road
Jackson, MI 49201

JOSEPH Y. HO (P77390)
Assistant Attorney General
Attorney for MDOC Defs.
Cargor, Cobb, Crowley,
Gilbert, Jones, Kinsor,
Majerczyk, McIntyre-Leon,
Nagy, Napier, Proctor,
Russell, Salazar, Schley,
Schubring, and Washington
Mich. Dept. of Attorney
General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
hoj@michigan.gov

SMITH, MARTIN, POWERS & KNIER, P.C.
BY: JONATHAN C. MARTIN (P37926)
ALAN R. SULLIVAN (P41613)
Attorney for Defendant HOEKZEMA
900 Washington Avenue
P.O. Box 219
Bay City, MI 48707-0219
Telephone: (989) 892-3924
Fax: (989) 892-3926
jmartin@smpklaw.com
asullivan@smpklaw.com

CHAPMAN LAW GROUP
BY: NICHOLAS B. PILLOW (P83927)
Attorney for Defendant Wellpath
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

---

**BRIEF IN SUPPORT OF**
**MOTION OF DEFENDANT HOEKZEMA TO DISMISS**

## TABLE OF CONTENTS


| | Page Number(s) |
|---|---|
| Index of Authorities . . . . . . . . . . . . . . . . | iii.-iv. |
| Statement of Issue Presented . . . . . . . . . . | v. |
| Introduction . . . . . . . . . . . . . . . . . . . | 1 |
| Brief Factual Background . . . . . . . . . . . . | 1-2 |
| Standard of Review . . . . . . . . . . . . . . . | 2-4 |
| Deliberate Indifference Claims . . . . . . . . . . | 4-5 |
| Plaintiff Fails to Assert a Viable Claim of Deliberate Indifference Against Dr. Hoekzema . . . . . . . . . . . . . . | 6-8 |
| No State Actor . . . . . . . . . . . . . . . . . | 8-9 |
| Conclusion . . . . . . . . . . . . . . . . . . . | 10 |
| Proof of Service . . . . . . . . . . . . . . . . | 11 |




SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

## INDEX OF AUTHORITIES


| Cases: | Page Number |
|---|---|
| *Ashbrook v. Block*, 917 F.2d 918 (6th Cir., 1990) . . . . . . . . . . . . . . . | 3 |
| *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009) . . . . | 2 |
| *Bell Atlantic Court v. Twombly*, 550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007) . . . . . . . . . . . . | 2 |
| *Bennett v. City of Eastpoint*, 410 F.3d 810 (6th Cir., 2005) . . . . . . . . . . | 4 |
| *Blackmore v. Kalamazoo County*, 390 F.3d. 890 (6th Cir., 2005) . . . . . . . . . | 5 |
| *Covington v. Knox County School System*, 205 F.3d 912 (6th Cir., 2000) . . . . . . . . . . | 3 |
| *Dotson v. Phillips*, 385 F. App'x 468 (6th Cir., 2010) . . . . . . . . | 5 |
| *Dominguez v. Correctional Medical Services*, 555 F.3d 543 (6th Cir., 2009) . . . . | 3 |
| *Estelle v. Gamble*, 429 U.S. 97; 97 S.Ct. 285; 50 L.Ed.2d 251 (1976) . . . . . . | 4 |
| *Farmer v. Brennan*, 511 U.S. 825; 114 S.Ct. 1970; 120 L.Ed.2d 811 (1994) . . . . | 4,5 |
| *Jones v. Muskegon County*, 625 F.3d 935 (6th Cir., 2010) . . . . . . . . . . | 7 |
| *Richmond v. Huq*, 885 F.3d 928 (6th Cir., 2018) . . . . . . . . . . . . . . . . | 6 |
| *Rouster v. County of Saginaw*, 749 F.3d 437 (6th Cir., 2014) . . . . . . . . . . | 7 |




SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

# INDEX OF AUTHORITIES
(continued)


| Cases: | Page Number |
|---|---|
| *Scott v. Ambani*, 577 F.3d 642 (6th Cir., 2009) . . . . . . . . . . . . . . . . | 8,9 |
| *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir., 1989) . . . . . . . . . | 4 |
| *Waldeop v. Evans*, 871 F.2d 1030 (11th Cir., 1989) . . . . . . . . . . . . . . . . | 5 |
| *Westlake v. Lucas*, 537 F.2d 857 (6th Cir., 1976) . . . . . . . . . . . . . . . . | 5 |
| **Statutes:** | |
| 42 U.S.C. § 1983 . . . . . . . . . . . . . . | 2,4,8 |
| **Rules:** | |
| Fed.R.Civ. P. 8(a)(2) . . . . . . . . . . . . . | 2 |
| Feb.R.Civ.P. 56(c) . . . . . . . . . . . . . . . | 3 |




SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

## STATEMENT OF ISSUE PRESENTED

**WHETHER PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AS TO HIS 42 USC §1983 DELIBERATE INDIFFERENCE CLAIMS AGAINST DEFENDANT FOR THE MEDICAL CARE PROVIDED.**

Defendant answers "Yes".

Plaintiff answers "No".



SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

## INTRODUCTION

In this *In Pro Per* Prisoner civil rights case, Plaintiff has not stated a claim upon which relief can be granted as to the outside physician, Craig Hoekzema, M.D. This is not a case of deliberate indifference to Plaintiff's medical needs. Allegations of medical malpractice do not amount to deliberate indifference. As such, Defendant is entitled to dismissal of Plaintiff's claims as a matter of law.

## BRIEF FACTUAL BACKGROUND

Since October 2011, *Pro Per* Plaintiff has been incarcerated. Plaintiff began having problems with continued sinus drainage leading to coughing, choking, and difficulty breathing when sleeping. An ENT consult was requested. (See **Exhibit 1**). A CT scan was obtained, and Plaintiff was ultimately referred to Craig Hoekzema, M.D., an otolaryngologist, for evaluation and treatment. A severe septal deviation with buckling of the cartilage and displacement was present resulting in a left nasal airway obstruction. An external septorhinoplasty with bilateral interior reduction was performed on March 17, 2022, by Dr. Hoekzema. (See **Exhibit 2**). Plaintiff alleges that a month after surgery on April 19, 2022, he was sent to the emergency room and found to have a blood clot from his gender dysphoria hormone medication. (ECF #1, page 5).



SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

On June 8, 2023, Plaintiff filed this *Pro Se* Prisoner Civil Rights action pursuant to 42 U.S.C § 1983 against numerous Defendants including Dr. Hoekzema. Plaintiff's claim was that "…the doctor did not know they needed to stop the meds four to five weeks before the surgery." (ECF #1, page 5). Defendant Hoekzema now seeks dismissal of that claim.

## STANDARD OF REVIEW

Under Federal Rules of Civil Procedure 8(a)(2) a pleading must contain a short and plain statement of a claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009). The pleading standard in Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, 'the defendant unlawfully harmed me' accusation. *Bell Atlantic Court v. Twombly*, 550 U.S. 544; 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court in *Twombly* called for a "flexible plausibility standard, which obliges the pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible". To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft, supra*. A claim has factual plausibility when the plaintiff pleads factual content that allows the court



SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

to draw the reasonable inference that the defendant is liable for the misconduct alleged. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.*

Summary judgment is appropriate under Fed.R.Civ.P. 56(c) where the pleadings, discovery, disclosure materials, and affidavits, if any, show that there is no genuine issue as to any material fact, and that movant is entitled to judgment as a matter of law. The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County School System*, 205 F.3d 912 (6th Cir., 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Dominguez v. Correctional Medical Services*, 555 F.3d 543 (6th Cir., 2009). The evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918 (6th Cir., 1990). The non-moving party may not rely on the hope that the tier of fact will disbelieve the movant's denial of a

disputed fact. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir., 1989).

**DELIBERATE INDIFFERENCE CLAIMS**

42 USC § 1983 provides a cause of action against government officials who, while acting under the color of state law, deprived the claimant of rights, privileges, or immunities secured by the constitutional laws of the United States. *Bennett v. City of Eastpoint*, 410 F.3d. 810 (6th Cir., 2005). In *Estelle v. Gamble*, 429 U.S. 97; 97 S.Ct. 285; 50 L.Ed.2d 251 (1976), the court recognized an obligation to provide medical care to those incarcerated. However, the mere failure to provide adequate medical care to a prisoner will not violate the Eighth Amendment. A constitutional violation arises only when the doctor exhibits deliberate indifference to a prisoner's serious illness or injury that can be characterized as "obduracy and wantonness" rather than "inadvertence or error in good faith". *Estelle, supra.* To establish a deliberate indifference to a serious medical need, a prisoner must show two components, one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825; 114 S.Ct. 1970; 120 L.Ed.2d 811 (1994).

The objective component requires proof of a sufficiently serious medical need. A medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would



SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

easily recognize the necessity of a doctor's attention. *Blackmore v. Kalamazoo County*, 390 F.3d. 890 (6th Cir., 2005).

The subjective component of Plaintiff's claim requires proof of a sufficiently culpable state of mind in denying medical care. *Blackmore, supra.* Plaintiff must present facts which show that the official being sued subjectively perceived facts which infer substantial risk to the prisoner, and that he did in fact draw the inference, and that he then disregarded the risk. *Farmer, supra.* Deliberate indifference describes a state of mind more blameworthy than negligence. *Id.* Deliberate indifference is tantamount to a finding of recklessness. Mere negligence does not amount to deliberate indifference. Medical malpractice has not become a constitutional violation merely because a victim is a prisoner. *Dotson v. Phillips*, 385 Fd. App'x 468 (6th Cir., 2010). Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgements and constitutionalize claims which sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir., 1976). Courts do not attempt to second guess the propriety or adequacy of the particular course of treatment, knowing this remains a question of sound professional judgement. *Waldeop v. Evans*, 871 F.2d 1030 (11th Cir., 1989).



SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

**PLAINTIFF FAILS TO ASSERT A VIABLE CLAIM OF DELIBERATE INDIFFERENCE AGAINST DR. HOEKZEMA**

A doctor's errors in medical judgement or other negligent behavior do not suffice to establish deliberate indifference. A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful. There is a high bar that a plaintiff must clear to prove an Eighth Amendment medical needs claim. The doctor must have "consciously exposed the patient to an extensive risk of serious harm". *Richmond v. Huq*, 885 F.3d 928 (6th Cir., 2018). Plaintiff has not listed any facts that would suggest that Dr. Hoekzema exposed the patient to an excessive risk of serious harm or possessed a mental state equivalent to criminal recklessness. In fact, Plaintiff has pled quite the opposite.

Plaintiff's claims as to Dr. Hoekzema relate to the March 17, 2022, rhinoplasty. Plaintiff claims that:

> "The staff and outside doctor [Dr. Hoekzema] did not know they needed to stop the meds four to five weeks before any surgery."

Such an allegation does not evidence the requisite state of mind in order to establish deliberate indifference. There is nothing to suggest that Dr. Hoekzema consciously disregarded Plaintiff's medical needs. Plaintiff's own allegation suggests Defendant was unaware.



SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

In *Rouster v. County of Saginaw*, 749 F.3d 437 (6th Cir., 2014), the prisoner was complaining of abdominal pain for which the healthcare provider gave over-the-counter medication as prescribed by the physician. It was later determined that the prisoner's symptoms were caused by cancer. The court noted that the healthcare provider's failure to follow best medical practices is not necessarily evidence of deliberate indifference if she did not know that the prisoner's stomach pain was caused by a serious illness. The court went on to note that the healthcare provider did not have the training to understand the significance of the symptoms observed during the assessment and therefore did not display deliberate indifference.

Generally, courts find deliberate indifference where there is evidence tending to establish that a physician is present while the inmate is in distress, that distress is communicated to the physician, and the physician purposely ignores the distress knowing that an adverse outcome is likely to occur. *Jones v. Muskegon County*, 625 F.3d 935 (6th Cir., 2010). That is not the situation present or alleged. There is nothing to suggest that Dr. Hoekzema knew the medication needed to be stopped or was aware of any risk if the medication was not stopped prior to surgery as Plaintiff alleges. Even so, the risk of blood clot could have been so low that in the doctor's judgement, proceeding with surgery without stopping medication, posed little risk to



SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

the patient. In either case, deliberate indifference is not present.

Moreover, there is no allegation that Dr. Hoekzema failed to act relative to the clot. Plaintiff does not allege that Dr. Hoekzema was aware that a clot developed or was asked to in any way address that issue. The only claim is that Dr. Hoekzema did not stop the medication prior to the rhinoplasty. At best, this is an allegation of medical malpractice, not deliberate indifference rising to the level of a constitutional violation. Negligence, even gross negligence, will not a §1983 claim for denial of medical care.

**NO STATE ACTOR**

As a part of a §1983 deliberate indifference claim, the plaintiff must show that the defendant was a state actor. Dr. Hoekzema was an independent physician. There is no evidence he had a contract or other formal agreement with the State to provide care to inmates. On occasion he may be contacted to consult on a patient who happened to be a prisoner in the emergency room. Other times, he may be asked to consult on a prisoner who had a specific otolaryngology issue. These consultations and referrals were no different than any other referral.

A private physician does not automatically become a state actor simply by caring for prisoners. In *Scott v. Ambani*, 577



SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

F.3d 642 (6th Cir., 2009), a prison doctor referred an inmate to an outside hospital for radiation treatment. The court found that the oncologist who treated the prisoner was not a state actor because there was no contractual relationship between the oncologist and the state. The court also noted that the state had no influence over the oncologist's care of the prisoner who decided on the proper treatment based solely on her training, experience, and independent medical judgment. No state action was found.

Dr. Hoekzema does not have a contract with the State and on those occasions when he has provided treatment to a prisoner, he exercises his own independent medical judgment. The State exercises no control over him. He is not a State actor.

Morever, Plaintiff has not pled any factual allegation to the effect that Dr. Hoekzema is indeed a state actor. Plaintiff refers to Dr. Hoekzema as the "outside" doctor. A review of Plaintiff's Complaint suggests nothing more than conclusory allegations of state action which are insufficient to meet the pleading standards. Dismissal is, therefore, appropriate.



SMITH, MARTIN, POWERS & KNIER, P.C. 900 WASHINGTON AVENUE, P.O. BOX 219 BAY CITY, MICHIGAN 48707-0219
(989) 892-3924 FAX (989) 892-3926

## CONCLUSION

Plaintiff has not stated a claim against Dr. Hoekzema. There is nothing alleged that suggests this claim has facial plausibility, that Dr. Hoekzema is a state actor, or that Dr. Hoekzema has been deliberately indifferent to the *Pro Se* prisoner's medical needs. This claim is at best an attempt to constitutionalize medical malpractice, something the courts have routinely rejected. Plaintiff has failed to state a claim upon which relief can be granted entitling Defendant to dismissal as a matter of law.

WHEREFORE, DEFENDANT CRAIG HOEKZEMA, M.D., respectfully requests this court grant his motion and dismiss Plaintiff's claims with prejudice.

Dated: October 6, 2023

SMITH, MARTIN, POWERS & KNIER, P.C.

BY: ______________________

JONATHAN C. MARTIN (P37926)
ALAN R. SULLIVAN (P41613)
Attorneys for Defendant HOEKZEMA
900 Washington Avenue
P.O. Box 219
Bay City, MI 48707-0219
(989) 892-3924
Jmartin@smpklaw.com
Asullivan@smpklaw.com

I hereby certify that this Brief is in compliance with Local Civil Rule 7.2(b)(I) as the word count is 2,078 according to the count generated by Word Perfect X9.

Dated: October 3, 2023

______________________
ALAN R. SULLIVAN (P41613)
Attorney for Defendant Hoekzema

## PROOF OF SERVICE

I hereby certify that on October 6, 2023, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record and placed in U.S. Postal Service a copy of the above document to non-ECF participant:

Robert Plaster #846864
In Pro Per
G. Robert Cotton Corr. Facility
3500 N. Elm Road
Jackson, MI 49201

SMITH, MARTIN, POWERS & KNIER, P.C.

BY: ______________________________
JONATHAN C. MARTIN (P37926)
ALAN R. SULLIVAN (P41613)
Attorneys for Defendant HOEKZEMA
900 Washington Avenue
P.O. Box 219
Bay City, MI 48707-0219
(989) 892-3924
Jmartin@smpklaw.com
Asullivan@smpklaw.com

# E X H I B I T 1

# Michigan Department of Corrections
## Consultation Request

**Offender Name:** Plaster, Robert Eugene **Off #:** 0846864 **Location:** ECF
**Date of Birth:** 12/02/1974 **Sex:** M

**Consultation/Procedure Requested:** ENT - Consultation
**Subtype:** West Shore ENT & Allergy - Ludington
231-246-4465
5816 W. US 10 - Ludington - 49431

**Reason for Request:**
46 y/o WM, GD pt w/old facial injury and continued sinus drainage issues leading to coughing, choking, globus sensation, dyspnea/difficulty when sleeping. Seen by GTOC 8/3/20. Their findings: "NLD Probing and Irrigation of the right lower tear duct performed. Pt tasted fluid in posterior pharynx indicating tear drainage system is open. May need ENT eval. Does not appear to be tear duct blockage - possible there is anatomical change in sinuses or nasolacrimal duct where positive pressure when nose blowing causes air to pass under skin. Possible old orbital fx could explain this." Facial xray of orbits and sinuses are essentially normal. Requesting ENT consult for Dx and Tx.

**Provisional Diagnosis:**
rhinitis and globus sensation

**Medications (As of 07/20/2021)**
ASA 325 MG TBEC Exp: 06/30/2022 SIG: TAKE 1 TAB BY MOUTH DAILY AS NEEDED X 365 DAY(S)
ESTRADIOL 2 MG TABS Exp: 02/15/2022 SIG: TAKE 2 TABS BY MOUTH DAILY X 364 DAY(S) PILL LINE ONLY - GDRC APPROVED *HD*
PANTOPRAZOLE SOD 20 MG TBEC Exp: 07/30/2021 SIG: one (1) tab By Mouth two times daily x 365 day(s)
Pharbetol Oral Tablet 325 MG Exp: 12/26/2021 SIG: TAKE 1 TAB BY MOUTH DAILY AS NEEDED FOR 180 DAYS
Reguloid Oral Capsule 0.52 GM Exp: 12/26/2021 SIG: TAKE 6 CAPS BY MOUTH DAILY FOR 180 DAYS
SOD CHL NASAL SPRAY (45ML) 0.65% SOLN Exp: 12/26/2021 SIG: USE NASALLY EACH MORNING AND EVENING AS NEEDED X 180 DAY(S)
Spironolactone Oral Tablet 100 MG Exp: 02/15/2022 SIG: TAKE 1 TAB BY MOUTH DAILY X 364 DAY(S) PILL LINE ONLY - GDRC APPROVED *HD*
Tab-A-Vite Oral Tablet Exp: 01/11/2022 SIG: TAKE 1 TAB BY MOUTH DAILY FOR 240 DAYS - NON FORMULARY EXPIRES 5/12/22

**Allergies (As of 07/20/2021)**
Meloxicam

**Health Problems (As of 07/20/2021)**
Gender identity disorder, unspecified, Myopia, bilateral, Chronic dacryoadenitis, right lacrimal gland, Gastro-esophageal reflux disease without esophagitis, Constipation, unspecified, Risk Score Low - 6 to 12 Months, Unspecified epiphora, right lacrimal gland, Constipation, unspecified, Contact w and exposure to oth viral communicable diseases, Deviated nasal septum, Postnasal drip, Headache, Allergic rhinitis, unspecified

**Offender Requires Translator:** No **Language:**
**Additional Records Required:**

**Comments:**
ref 00955348

**Requested By:** Dalton, Jennifer [JD1] NP **Auth#:** 00955348
**Ordered Date:** 07/16/2021 09:37
**Priority:** Routine (review within 14 days)

# E X H I B I T 2

# Plaster, Robert

MRN: 111853968

Craig R Hoekzema, MD
Physician
Otolaryngology

Op Note
Signed

Date of Service: 3/17/2022 9:00 AM

Case Time:
3/17/2022 9:00 AM

Procedures:
SEPTOPRHINOPLASTY, BILATERAL INFERIOR TURBINATE REDUCTION *PRISONER

Surgeons:
Craig R Hoekzema, MD

**Robert Plaster**
111853968
47 y.o.
male

**DATE OF SURGERY**
03/17/22

**SURGEON**
Craig R. Hoekzema, MD

**ASSISTANT SURGEON**
None

**PREOPERATIVE DIAGNOSIS**
1. Deviated nasal septum
2. Nasal valve stenosis (other disorder of nose and sinus)
3. Bilateral inferior turbinate hypertrophy

**POSTOPERATIVE DIAGNOSIS**
1. Deviated nasal septum
2. Nasal valve stenosis (other disorder of nose and sinus)
3. Bilateral inferior turbinate hypertrophy

**PROCEDURE**
1. External (open) functional septorhinoplasty
2. Bilateral submucosal inferior turbinate reduction

**ANESTHESIA**
General

**FINDINGS**
1. Twisted nasal septum with leftward caudal septal deviation with displacement off the maxillary crest
2. Bilateral inferior turbinate hypertrophy

**DESCRIPTION OF PROCEDURE**

The patient was taken to the operating room and placed supine on the OR table. General anesthesia was induced the the patient was orally intubated. A timeout was performed. The table was turned 180 degrees and the patient was prepped and draped in a standard fashion for the above procedures. 1% lidocaine with 1: 100,000 epinephrine was used to perform septal injections, nasal tip injections and nasal sidewall injections. Afrin-soaked pledgets were placed. One sufficient time was allowed for vasoconstriction the transcolumellar incision was marked. An inverted V incision was used for the columellar incision. The skin was incised with a #15 blade. Marginal incisions were then made bilaterally. The columellar skin was dissected away from the medial crura of the lower lateral cartilages using a curved iris scissors. Next, the nose was degloved in standard fashion using a double prong skin hook to retract the columellar skin and a curved iris scissors and cotton tip applicators to dissected on the lower lateral cartilages. This was connected to the marginal incisions and the nasal tip was completely exposed. Next, the domes were divided using a curved iris scissors and the septal angle was identified. A #15 blade was used to incise the mucoperichondrium and a left mucoperichondrial flap was elevated using a Freer elevator posteriorly all the way past the bony cartilaginous junction. There was a significant leftward deflection that was both bony and cartilaginous. There was a septal spur on the left, as well. It was clear that the quadrangular cartilage had been displaced off the maxillary crest. The maxillary crest was also deviated to the left. Next, a right mucoperichondrial flap was elevated using a Frazier suction and Freer elevator. At this point, the septal cartilage was completely isolated and the deviation was apparent. A ruler was used to measure 15 mm caudal strut and the cartilage was marked. A dorsal strut was also measured at 15 mm. Care was taken to preserve this L strut to support the nose. The quadrangular cartilage was incised using a #15 blade posterior to the 15 mm caudal mark. A dorsal incision was also made using a 15 blade. A swivel knife was used to resect the deviated quadrangular cartilage and this was taken back to the bony septum. Cartilage was placed on the back table for later use. The deviated maxillary crest was excised using a Cottle elevator and osteotome. A portion of the bony septum was also deviated and this was resected carefully with through-cutting forceps. This allowed a dramatic improvement in the left nasal airway. Next, a 20 mm x 2.5 mm cartilaginous graft was created on the back table and placed as a columellar strut graft. This was sutured to the medial crura of the lower lateral cartilage using 5-0 PDS suture in a horizontal mattress fashion. Next, the domes were repositioned and secured with an intradomal suture using 5-0 clear nylon. A 4-0 Monocryl was used to perform a quilting stitch along the septum to close the dead space of the septal flaps. Next, the columellar incision was closed using 5-0 Monocryl suture for the deep layer and 5-0 fast-absorbing suture for the skin in simple interrupted fashion. The marginal incisions were closed using 5-0 chromic suture.

1% lidocaine with 1: 100,000 epinephrine was infiltrated at the head of each inferior turbinate and a stab incision was made at the head of each inferior turbinate using a #15 blade. The mucosa along the medial aspect of each inferior turbinate was elevated using a Cottle elevator. The Coblator device with turbinator attachment was used to perform a submucosal inferior turbinate reduction and bone was removed. This procedure was performed bilaterally. Next, Doyle splints coated in antibiotic ointment were placed and sutured anteriorly using 3-0 nylon suture. Antibiotic ointment placed over the columellar incision. A Denver splint was placed.

The oral cavity was suctioned. The patient was turned back over to the anesthesiology team and transferred to the postoperative area in stable condition. All counts were reported correct at the end of the procedure.

**ESTIMATED BLOOD LOSS**

less than 50 mL

**SPECIMENS**

None

**COMPLICATIONS**

None at the time of this report

Electronically signed by Craig R Hoekzema, MD at 3/17/2022 12:12 PM

Admission (Current) on 3/17/2022