UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PLASTER, #846864,         )
                Plaintiff,        )
                                     )    No. 1:23-cv-591
-v-                              )
                                     )    Honorable Paul L. Maloney
HEIDI WASHINGTON, *et al.*,      )
                Defendants.       )
                                     )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Plaster, a prisoner under the control of the Michigan Department of Corrections, sued multiple defendants for civil rights violations. Three groups of defendants filed dispositive motions. The Magistrate Judge issued a lengthy report with detailed recommendations concerning each claim and almost every defendant (ECF No. 65). Plaintiff filed objections (ECF No. 76). The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court organizes this Order in the same manner as the Magistrate Judge (MJ) organized the Report and Recommendation. The Court addresses only the recommendations to grant portions of the defendants' motions and does not address the recommendations to deny portions of the defendants' motions.

1. Eighth Amendment – Treatment.

    a. MDOC Defendants. The MJ recommends dismissing the Eighth Amendment failure to treat claim under Rule 12(b)(6) for the following defendants: Salazar, Jones, McIntyre-Leon, Majerczyk, Schley, Cargor, Napier, and Schubring (R&R at 11 PageID.947). For these defendants, the MJ finds that the complaint does not include allegations of specific conduct giving rise to a claim. The MJ also recommends dismissing defendants Cobb, Nagy and Russell, the individuals who denied Plaintiff's grievances and appeals. For these three individuals, the MJ finds that the factual allegations do not form the basis for a viable constitutional claim.

Plaintiff objects (Obj. PageID.1034). The Court overrules the objection. For the Cobb, Nagy and Russell, Plaintiff does not address the MJ's conclusion that the act of denying a grievance or an appeal does not constitute conduct giving rise to an Eighth Amendment claim. For the other defendants, Plaintiff does not address the specific factual finding, that the *complaint* does not contain factual allegations about the particular conduct of these individuals.

    b. Wellpath Defendants. The MJ recommends dismissing the Eighth Amendment claim against defendants Dalton and Bale under Rule 12(b)(6) because the complaint does not contain any allegations about their conduct. The MJ recommends

dismissing Wellpath because Plaintiff does not allege that she was injured by Wellpath's policy, practice or custom.

Plaintiff objects (Obj. PageID.1034-35). The Court overrules the objection. Plaintiff does not address the reason to dismiss Dalton and Bale. For Wellpath, Plaintiff's reasoning is an inaccurate statement of the law. And, the objection does not address the specific finding that the complaint does not identify a Wellpath policy, practice or custom as the source of the injury.

    c. Hoekzema. The MJ finds that Plaintiff failed to allege facts to show that Hoekzema was a state actor. The MJ also founds that Plaintiff failed to allege facts to show deliberate indifference.

Plaintiff objects (Obj. PageID.1036). The Court overrules the objection. Plaintiff does not address the lack of factual allegation to show Hoekzema was a state actor. Plaintiff's objection functionally reinforces the conclusions of the MJ, that Plaintiff has a claim for negligence, not a claim for a constitutional violation.

2. ADA and RA claims

    a. Wellpath Defendants. The MJ recommends dismissing any ADA or RA claim against Wellpath because it is a private not a public entity (ADA) and because it is not a federal agency and does not receive federal funds (RA). While Plaintiff does not like this recommendation (Obj. PageID1036), Plaintiff does not provide any basis for the Court to reject the finding and recommendation.

    b. MDOC Defendants. The MJ finds that the official capacity claims against Kisor and Proctor are redundant with the official capacity claim against Washington and,

therefore, the ADA and RA claims against Kisor and Proctor should be dismissed. While Plaintiff (again) does not like this recommendation (Obj. PageID1036), Plaintiff does not provide any basis for the Court to reject the finding and recommendation.

    3. Sua sponte review of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

        a. Schmidt and Unnamed Defendants. The MJ finds that the complaint does not contain sufficient factual allegations about the conduct of the John and Jane Does MDOC Work Force or for Schmidt. The MJ recommends dismissing these individuals for failure to state a claim. Plaintiff does not object to the dismissal of Schmidt (Obj. PageID.1036). Plaintiff objects to dismissing the unnamed defendants because Plaintiff has not yet been afforded an opportunity for discovery (*id.*). The Court overrules the objection. The MJ explained why the need for discovery cannot overcome the lack of factual allegations in a complaint (R&R at 13 PageID.949). Plaintiff does not address this legal principle.

        b. First Amendment claims. The MJ finds that the complaint does not contain sufficient factual allegations to show interference with expressive conduct and, therefore, recommends the Court dismiss any First Amendment claims. Plaintiff objects and insists that "plaintiff DID Identify SPECIFIC CONDUCT that is being communicative ..." (Obj. PageID.1036). The Court overrules the objection. The *complaint* does not contain factual allegations that would support a First Amendment claim based on Plaintiff's desire to wear feminine clothing.

        c. MDOC Policy Directive 04.06.184. The MJ finds that violations of a policy directive do not give rise to a constitutional claim under § 1983. Plaintiff mentions this finding and recommendation in the objection (Obj. PageID.1037). The Court overrules the

objection. To the extent Plaintiff asserts a constitutional claim based solely on MDOC's failure to follow Policy Directive 04.06.184, that claim must be dismissed.

    d. Prison Rape Elimination Act (PREA). The MJ recommends dismissing any claim under the PREA because the statute does not provide a private right of action. Plaintiff objects (Obj. PageID.1037). The Court overrules the objection. To the extent Plaintiff contends the defendants violated the PREA, that statute does not permit individual prisoners to litigate alleged violations of the statute.

  4. Exhaustion

    a. Wellpath/Couturier. Finding that the MDOC properly rejected the particular grievance as vague, the MJ considered both the succinct statement in the grievance and the attached seven pages. The MJ finds that "Plaintiff presents a smorgasbord of largely undefined complaints covering a broad array of transgender issues" (R&R at 26 PageID.962). The MJ recommends dismissing any claim against Couturier (and any other Wellpath defendant). Plaintiff objects (Obj. PageID.1038-39). The Court overrules the objection. Plaintiff's concerns about the grievance process do not address the exhaustion issue relevant to Defendant Couturier. For Couturier, the grievance would be properly rejected as vague. It does not appear that Plaintiff names Couturier in the grievance and the "smorgasbord" of issues raised in the grievance would not put Couturier on notice of a potential claim.

    b. MDOC Defendants. For claims other than the Equal Protection cause of action against Crowly and Kisor, the MJ finds that Plaintiff did not properly exhaust administrative remedies against Gilbert, Kisor, Proctor and Washington. The MJ recommends dismissing claims against these four defendants (other than the Equal

Protection claim). Plaintiff objects (Obj. PageID.1026-29). The Court overrules the objection. Plaintiff has not demonstrated that the grievance process was not available. Neither has Plaintiff persuaded the Court that the relevant grievances were not properly rejected by MDOC.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 65). Consistent with the R&R, the Court GRANTS the Wellpath Defendants' motion (ECF No. 25); GRANTS IN PART the MDOC Defendants' motion (ECF No. 32); and GRANTS Defendant Hoekzema's motion (ECF Nos. 39 and 42). Consistent with the R&R, all but the following defendants are terminated from this lawsuit: (1) unknown ADA/BLA administrators, (2) Crowly, and (3) Kisor.

**IT IS SO ORDERED.**

Date:   March 22, 2024                                       /s/  Paul L. Maloney
                                                                                          Paul L. Maloney
                                                                                          United States District Judge