UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PLASTER #846864,

    Plaintiff,                                    Hon. Paul L. Maloney

v.                                                Case No. 1:23-cv-591

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Presently before me is Plaintiff's Motion for a Preliminary Injunction (ECF No. 63), in which Plaintiff seeks an order directing unidentified staff at the G. Robert Cotton Correctional Facility (MSP) to implement the Michigan Department of Corrections (MDOC) recently-updated policy on Search and Arrest in Correctional Facilities, Policy Directive 04.04.110 (effective Nov. 13, 2023), by processing her request for a search accommodation by a staff member who matches Plaintiff's gender identity. Defendants have responded (ECF No. 67), and Plaintiff has replied. (ECF No. 74.) Pursuant to 28 U.S.C. § 636(1)(B), I recommend that Plaintiff's motion be **DENIED.**

Plaintiff, a prisoner incarcerated with the MDOC at MSP who identifies as a transgender woman, filed a complaint in this action against numerous individuals and entities alleging violations of her constitutional rights, as well as violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. On March 22, 2024, the Court entered an Order granting in full the Wellpath Defendants' motion to dismiss and Defendant Hoekzema's motion to dismiss and/or for summary judgment, and granting in part and denying in part the MDOC Defendants' motion to dismiss and/or for summary judgment. (ECF No. 81.)

1

Consequently, Plaintiff's remaining claims in this action are his job-related equal protection claims against Defendants Crowly and Kisor and his claims against unknown ADA/BLA administrators.

In determining whether to grant injunctive relief, a court considers the following factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000). These are factors to be balanced, not prerequisites to be met. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997)). Issuance of injunctive relief lies within the court's discretion. *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

Plaintiff's request is properly denied for several reasons. First, she has presented no evidence indicating that she is likely to prevail on the merits of her remaining claims in this case. At this point, all the Court has before it is Plaintiff's complaint allegations, which do not suffice to establish a likelihood of success on the merits. That failure alone is usually fatal to a request for injunctive relief. *See Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."). The second factor tends to weigh in favor of injunctive relief. Although Plaintiff might have a damage remedy, her claim of being subjected to sexually abusive searches by male staff and resulting psychological harm satisfies the irreparable harm requirement. (ECF No. 63 at PageID.920.) Nonetheless, the public interest is not served by interference with the MDOC's day-to-day operations in the absence of a compelling reason warranting that relief. *See*, *e.g.*, *McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect

these imperatives, courts must exercise restraint in supervising the minutiae of prison life. Where, as here, a state penal system is involved, federal courts have 'additional reason to accord deference to the appropriate prison authorities.'") (citation omitted). Unlike the MDOC, this Court does not possess the expertise—particularly concerning issues relating to management of transgender inmates—regarding the safe operation of prison facilities.

Finally, I note that the relief Plaintiff request in her present motion is attenuated from the claims or conduct at issue that remain in this case. A party seeking a preliminary injunction "'must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). Plaintiff's request in her instant motion concerning events relating to a November 2023 policy revision is unrelated to her remaining claims. While a preliminary injunction may be appropriate "'to grant intermediate relief of the same character as that which may be granted finally,' an injunction should not issue when 'it deals with a matter lying wholly outside the issues in the suit.'" *Dunbar v. Prelesnik*, 2015 WL 1393376 *4 (W.D. Mich. Mar. 25, 2015) (quoting *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945)).

In sum, consideration of the foregoing factors weighs heavily against Plaintiff's requested relief.

For the foregoing reasons, I recommend that the Court **deny** Plaintiff's motion for an injunction.

3

Dated: April 2, 2024   /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).