UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PLASTER #846864,

    Plaintiff,                                  Hon. Paul L. Maloney

v.                                            Case No. 1:23-cv-591

HEIDI WASHINGTON, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    Presently before me is Plaintiff's (Second) Motion for a Preliminary Injunction. (ECF No. 96.) Defendants have responded (ECF No. 101), and Plaintiff has replied. (ECF No. 107.) Pursuant to 28 U.S.C. § 636(1)(B), I recommend that Plaintiff's motion be **DENIED.**

    Plaintiff is a prisoner currently incarcerated with the Michigan Department of Corrections at Saginaw Correctional Facility (SRF). Plaintiff identifies as a transgender woman. She initiated this action by filing a complaint against numerous individuals and entities alleging violations of her constitutional rights, as well as violations of Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA) based on events that occurred at the G. Robert Cotton Correctional Facility (JCF). Plaintiff was confined at JCF at the time she filed her complaint, but was subsequently transferred to SRF.

    On March 22, 2024, the Court entered an Order dismissing most Defendants and claims from this action. (ECF No. 81.) Consequently, Plaintiff's remaining claims in this action are her job-related equal protection claims against Defendants Crowly and Kisor and her claims against unknown ADA/BLA administrators. I subsequently denied Plaintiff's motion to file an amended

1

complaint, which sought to add new claims and defendants and/or reassert previously-dismissed claims. (ECF No. 111.)

In her instant motion, as I understand it, Plaintiff seeks injunctive relief relating to her search accommodation request under Policy Directive 04.04.110 (effective Nov. 13, 2023). Plaintiff does not specify the individual(s) against whom she seeks relief. Plaintiff previously filed a motion for preliminary injunction regarding her search accommodation request at JCF. (ECF No. 63.) On April 2, 2024, I issued a Report and Recommendation recommending that the motion be denied because Plaintiff failed to demonstrate that the balance of factors favored issuance of the requested relief. (ECF No. 85 at PageID.1073–74.) I also noted that the relief Plaintiff requested in her motion was attenuated from the remaining claims in the case. That is, Plaintiff failed to show that the relief she sought was related to her remaining claims. (*Id.* at PageID.1074,) On May 6, 2024, the Court adopted the Report and Recommendation without objection from Plaintiff. (ECF No. 92.)

Plaintiff's instant motion seeks the same relief she sought in her prior motion, and fails for at least the same reasons. First, Plaintiff fails to show that the balance of the applicable factors weighs in favor of injunctive relief, as set forth in the prior Report and Recommendation. I again emphasize that this Court lacks the specialized expertise to operate a prison in a safe manner while accounting for the appropriate treatment of transgender inmates. Second, because Plaintiff's only remaining claim is her job-related equal protection claim (as well as an undefined claim against unknown ADA/BLA administrators), Plaintiff once again fails to demonstrate a connection between the injury she asserts in her motion and her claims at issue. Finally, as noted above, Plaintiff was transferred to a new facility in May 2024, but she submitted her request for a search accommodation while still housed at JCF. Thus, even if Plaintiff could demonstrate the required connection between the relief she requests and her claims, she would be entitled to injunctive relief

only against prison officials at JCF, where her request was denied. It is well established that a prisoner's claim for declaratory or injunctive relief against certain prison officials becomes moot once the prisoner has been transferred from the facility of which she complained to a different facility. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]ny declaratory or injunctive relief that Colvin seeks stemming from his complaint has been mooted by his transfer to a different prison facility."); *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (holding that inmate's claim for injunctive relief requesting transfer to a smoke-free housing unit, based on alleged exposure to second-hand tobacco smoke, was rendered moot by his transfer to a different facility); *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (concluding in a case brought under 42 U.S.C. § 1983, RA, and ADA that the prisoner's transfer mooted his request for injunctive and declaratory relief) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). Thus, Plaintiff's transfer to SRF has mooted his request for injunctive relief.

For the foregoing reasons, I recommend that the Court **deny** Plaintiff's motion for a preliminary injunction.

Dated: July 8, 2024                                    /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).