UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PLASTER, #846864, )
               Plaintiff, )
) No. 1:23-cv-591
-v- )
) Honorable Paul L. Maloney
HEIDI WASHINGTON, et al., )
               Defendants. )
)

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Robert Plaster, a prisoner under the control of the Michigan Department of Corrections, filed this civil rights lawsuit. Plaintiff filed a motion for summary judgment (ECF No. 138). The two remaining Defendants also filed a motion for summary judgment (ECF No. 142). The Magistrate Judge issued a report recommending the Court deny Plaintiff's motion and grant Defendants' motion (ECF No. 158). Plaintiff filed objections. The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge provided the following background. Plaintiff contends Defendants violated the Equal Protection Clause of the Fourteenth Amendment. Plaintiff identifies as a transgender woman and has allegedly been diagnosed with gender dysphoria. Plaintiff received a PREA victim assessment upon entry into the MDOC. When transferred to JFC in 2022, Plaintiff received a new PREA victim assessment and received a higher score. The score disqualified Plaintiff from working as a Prisoner Observation Aide (POA).

The Magistrate Judge concludes that neither of the remaining defendants had sufficient personal involvement to give rise to a § 1983 claim. Defendant Crowley performed the 2022 PREA victim assessment. Defendant Kisor was aware of the 2022 assessment. Neither defendant were involved in job assignments at the JCF facility. Kisor cannot be held liable as a supervisor. Plaintiff objects.

The Court overrules Plaintiff's objection. Crowley's involvement in the PREA assessment had an effect on Plaintiff's job assignment. That conclusion does not require the conclusion that either Crowley or Kisor had personal involvement in Plaintiff's job assignment; other MDOC employees were tasked with work assignments. In addition, Plaintiff does not address the Magistrate Judge's conclusion that no constitutional violation occurred or that the law was clearly established. Even if this Court agreed with Plaintiff's objection, Defendants would still be entitled to summary judgment.

Accordingly, the Court **ADOPTS** the report and recommendation (ECF No. 158). The Court **DENIES** Plaintiff's motion for summary judgment (ECF No. 138) and **GRANTS** Defendants' motion for summary judgment (ECF No. 142).  **IT IS SO ORDERED.**

Date:   May 2, 2025                              /s/  Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge